**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARC R. LABGOLD, | ) | Case No. 13-13389-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| CHANDRAMOHAN V. AMMINI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding |
| vs. | ) | No. 14-01043-BFK |
| | ) | |
| MARC R. LABGOLD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This adversary proceeding presents the question of whether the Court has continuing jurisdiction to determine the dischargeability of debts under Section 523 of the Bankruptcy Code, after the Court has denied the Debtor a discharge in a separate action brought by the U.S. Trustee pursuant to Section 727 of the Code. The matter is complicated by the fact that the trial in this adversary proceeding started, but was not completed, before the Court heard and ruled on the U.S. Trustee's Complaint. On February 10, 2015, the Court conducted a status hearing in this adversary proceeding and invited the parties to brief the issue. Both parties have now filed their Memoranda of Law. Docket Nos. 141, 142. For the reasons stated below, the Court finds that it lacks continuing jurisdiction over this adversary proceeding. Alternatively, the Court will abstain pursuant to 28 U.S.C. § 1334(c)(1).

**Procedural Background**

*A. This Adversary Proceeding.*

The Plaintiffs in this adversary proceeding are former employees of a company by the name of Antara Biosciences, Inc. ("Antara"), which was located in California. The Debtor was the Chief Executive Officer and a director of Antara (he is also a practicing patent attorney). Prior to the Debtor's bankruptcy filing in this Court, the Plaintiffs had filed an action against the Debtor in State court in California. In their Amended Complaint in the State court action, the Plaintiffs alleged that the Defendant engaged in a series of improper, self-dealing transactions in connection with the wind-down of Antara's business affairs. The California litigation was stayed when the Debtor filed for bankruptcy protection in this Court on July 23, 2013.

The Plaintiffs filed this adversary proceeding on February 28, 2014. The Plaintiffs originally asserted claims in this adversary proceeding for wages and other amounts owed to them as former employees of Antara, as well as for breach of fiduciary duty and related claims brought by the Plaintiffs as the assignees of Antara (Antara filed for Chapter 7 bankruptcy in California, and the Plaintiffs in this action purchased Antara's claims against the Debtor out of that bankruptcy case). Shortly before the trial in this action, the Plaintiffs voluntarily dismissed their individual, employment-related claims, and elected to go to trial solely on the assigned Antara claims.

The trial commenced on Monday, November 17, 2014, and continued through Friday, November 21, 2014. The first two days of the trial were almost completely taken up by the parties' competing motions for sanctions, arising out of the alleged spoliation of evidence. Docket Nos. 56, 63 (together, the "Spoliation Motions"). The Court took both Spoliation Motions under advisement. The parties completed their presentations of the Spoliation Motions,

and began their opening statements, on the afternoon of Tuesday, November 18th. Docket No. 112 at 137 (Tr., 11/18/2014).

During the course of the trial, the Court requested the Defendant to advise the Court whether the Defendant consented to the entry of a final money judgment if the evidence warranted it (in addition to a potential declaration of non-dischargeability, over which the Court inarguably had jurisdiction to enter a final Order pursuant to 28 U.S.C. § 157(b)(2)(I) at the time). If the Defendant did not consent, then the Court requested the parties to brief whether or not the Court could enter a final money judgment over the Defendant's objection. On December 19, 2014, the Defendant filed a Notice of No Consent, indicating that he did not consent to the entry of a final money judgment, in the event of an adverse ruling in the case. Docket No. 133. The parties then filed their Memoranda of Law on the issue of whether or not the Court could enter a final money judgment in the case in the event that the Court found in favor of the Plaintiffs and against the Defendant on the merits of the Plaintiffs' claims. Docket Nos. 134, 135.

The Plaintiffs had not completed the presentation of their case in chief, when the case was adjourned on November 21st. Plaintiffs' counsel estimated that he had "about a day-and-a-half of direct testimony left[,] . . . [n]ot counting cross-time." Docket No. 121 at 244 (Tr. 11/21/2014). The Defendant's counsel estimated that he had "probably two-and-a-half days of our case plus whatever time we cross their witnesses[.]" *Id.* at 245.

The Court continued the trial to February 2–9, 2015. *Id.* at 11, 245. The parties subsequently advised the Court that the Defendant had a scheduling conflict during the week of February 2nd. Docket No. 127 (Consent Motion to Reschedule Trial), 129 (Amended Motion to Reschedule Trial). Accordingly, the Court set the matter for a status hearing on February 10th. Docket No. 131. At the status hearing, the Court requested that the parties brief the issue of the

3

Court's continuing jurisdiction, in light of the result in the U.S. Trustee's adversary proceeding, discussed below. The parties have each filed their Memoranda of Law, in response to the Court's request. Docket Nos. 141, 142.

    *B. The U.S. Trustee's Adversary Proceeding.*[1]

On January 27, 2014, the United States Trustee for this Region filed an adversary proceeding objecting to the Debtor's discharge under Section 727 of the Bankruptcy Code. Adv. Pro. 14-01017-BFK. The U.S. Trustee's adversary proceeding went to trial on December 12 and 15, 2014. The case was completed on December 15th, and the Court took the matter under advisement. On January 14, 2015, the Court issued its Findings of Fact and Conclusions of Law, and its Order in which the Court denied the Debtor a discharge pursuant to Section 727. *Id.* at Docket Nos. 48, 49. The Defendant has appealed. *Id.* at Docket Nos. 52, 54.

As a result of the disposition of the U.S. Trustee's adversary proceeding, the only remaining claims in this adversary proceeding are the Antara-assigned State law claims, for which the Plaintiffs seek the entry of a money judgment.

## Conclusions of Law

**I.    The Court Concludes that it Lacks Subject Matter Jurisdiction.**

We start with the proposition that bankruptcy courts are courts of limited jurisdiction. *Educ. Credit Mgmt. Corp. v. Kirkland (In re Kirkland)*, 600 F.3d 310, 315 (4th Cir. 2010); *Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 399 (4th Cir. 1992). Further, it is almost universally agreed that when a debtor is denied a discharge, any action to determine the dischargeability of individual debts becomes moot. *In re Martinez*, 500 B.R. 608, 635 (Bankr.

---

[1] The Court can take judicial notice in this adversary proceeding of the matters contained in its own docket. *In re Heilig-Meyers Co.*, 328 B.R. 471, 488–89 (E.D. Va. 2005); *In re Rivera*, No. 13–14351–BFK, 2014 WL 287517, at *2 n.2 (Bankr. E.D. Va. Jan. 27, 2014); *In re Ryan*, 472 B.R. 714, 727–28 (Bankr. E.D. Va. 2012); *In re Giordano*, 472 B.R. 313, 335 n.15 (Bankr. E.D. Va. 2012).

N.D. Cal. 2013); *In re Adler*, 494 B.R. 43, 56 (Bankr. E.D.N.Y. 2013). The Court will proceed to examine the jurisdictional question in light of accepted principles of core and non-core jurisdiction.

    *A. This is Neither a Core Proceeding Nor a Related Proceeding, at this Point.*

Bankruptcy courts have "original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b); *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 835 (4th Cir. 2007). A proceeding or claim "arising in" Title 11, known as a core proceeding, is one that is "'not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.'" *Id.* (quoting *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir.2003)); *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 372 (4th Cir. 1996). "Therefore, a 'controversy arises in Title 11' when 'it would have no practical existence *but for* the bankruptcy.'" *Valley History Ltd. P'ship*, 486 F.3d at 835 (quoting *Grausz*, 321 F.3d at 471). The bankruptcy courts have jurisdiction to enter final orders in core proceedings, subject only to an analysis of the Court's Article I powers versus the Article III judicial powers of the District Courts under *Stern v. Marshall*, 131 S. Ct. 2594 (2011). *See* 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11"). Although this action was a core proceeding involving the dischargeability of debts under Section 523 when it was filed (*See* 28 U.S.C. § 157(b)(2)(I)), it involves only State law claims at this point and is no longer a core proceeding.

The Fourth Circuit has adopted the *Pacor* test to determine whether a claim is "related to" a bankruptcy case. *Valley Historic Ltd. P'ship*, 486 F.3d at 836. Under the *Pacor* test, a claim

is related to a bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted). The outcome of this adversary proceeding will have no impact on the bankruptcy estate. The creditors as a whole will not be better off, nor will they be worse off, as a result of the outcome of the adversary proceeding. The Plaintiffs either will be entitled to a final judgment against the Debtor on their State law claims or not.

The Court finds, therefore, that this action is no longer a core proceeding, and is not a non-core, related proceeding.

    B.  *The In re Morris Factors Favor a Dismissal.*

The Court is mindful of its "'virtually unflagging obligation'" to exercise the jurisdiction granted to it by Congress. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817, (1976)). It is also true that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). This is generally true in the bankruptcy context, as well. *Owns-Ill. Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 626 (4th Cir. 1997) (confirmation of debtor's plan did not divest district court of jurisdiction over contribution action).

In this regard, a number of courts have held that bankruptcy courts may have continuing jurisdiction in Section 523 cases notwithstanding a denial or a waiver of the debtor's discharge, under the three-factor test enunciated in *Fidelity & Deposit Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir. 1992). *See In re Neves*, No. 11–24505–CIV, 2012 WL 1831717, at *4 (S.D. Fla. May 17, 2012); *In re Carter*, Adv. No. 11–5157–JDW, 2012 WL 3440431, at *2 (Bankr. M.D. Ga. Aug. 15, 2012). The three *Morris* factors are: (1) judicial economy; (2)

fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved. *In re Morris*, 950 F.2d at 1535.[2]

Although the Fourth Circuit has not adopted the *Morris* test, the Court views the *Morris* factors to be the appropriate framework for analyzing the Court's continuing jurisdiction after a denial of the Debtor's discharge. The Court will address each of these issues, in turn.

    1. *Judicial Economy.*

The fact that the case was almost at the mid-point of a trial in this Court would appear to lead to the conclusion that judicial economy is best served by retaining jurisdiction (the Court says "almost" because, after the Spoliation Motions, the trial was only three and a half days into the case, and the parties estimated that the remaining trial time would be at least a week more). However, the uncertainty surrounding this Court's ability to enter a final money judgment if the evidence supports it actually compels the opposite conclusion. This factor is more fully discussed in Part II (Abstention), below. If the Court were to decide that it has the authority to enter a final money judgment, the Defendant would have a right of appeal, including an appeal of whether or not the Court had the ability to enter the judgment in the first place. If this Court were to decide that it did not have the authority to enter a final money judgment, it would be required to prepare a report and recommendation to the District Court, which would entail a de novo review by the District Court. *See* FED. R. BANKR. P. 9033(d) ("The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance

---

[2] The District Court for this District cited *In re Morris* approvingly in *First Owners' Ass'n of Forty Six Hundred Condo., Inc. v. Gordon Properties, LLC*, No. 1:11cv255, 2011 WL 11706511, at *3 (E.D. Va. Apr. 15, 2011) ("It is well-settled that the termination of the underlying bankruptcy case does not automatically strip the bankruptcy court of jurisdiction over adversary proceedings, and whether the bankruptcy court retains jurisdiction over an adversary proceeding is committed to the bankruptcy judge's discretion.")

with this rule.") The involvement of two levels of the federal judiciary in order to arrive at the entry of a final money judgment leads the Court to conclude that judicial economy is best served by allowing the State court in California to enter a final judgment if warranted by the evidence, for which the State court inarguably has jurisdiction. In short, this Court agrees with the court in the *Carter* case, where it stated: "Judicial economy will not be served in this case if its resolution is further delayed by appeals on the jurisdictional issue, especially when an alternative venue with appropriate jurisdiction is available." *In re Carter*, 2012 WL 3440431 at *3.[3]

### 2. Fairness and Convenience to the Litigants.

The Plaintiffs argue forcefully that they have already begun the trial in this Court. The trial was halted because the allotted trial time was insufficient to complete the case after the Court heard the parties' competing Spoliation Motions. Since then, events have overtaken this adversary proceeding, when the Court denied the Debtor a discharge under Section 727 of the Bankruptcy Code in the *Robbins v. Labgold* adversary proceeding.

In the Debtor's main bankruptcy case, the Plaintiffs moved for relief from the automatic stay to proceed in the California litigation. Case No. 13-13389-BFK, Docket No. 177. In their Motion, the Plaintiffs stated:

> The California litigation has been pending for nearly four years in the California state court system, during which time discovery and pretrial proceedings against [the] Debtor have advanced considerably. Indeed, a trial scheduling hearing was scheduled for September 24, 2013, until the Debtor commenced this case on the Petition Date. The parties have invested substantial time and resources into preparing the case in the California forum, and the California court is familiar with the parties, legal issues, and applicable state law. If relief from the automatic stay is granted, Movants are confident that the California Litigation will proceed to trial promptly.

---

[3] The Court is aware that Dr. Labgold has noted an appeal in the *Robbins v. Labgold* adversary proceeding. *See In re Labgold*, Case No. 14-01017-BFK, Docket Nos. 52, 54. The pendency of an appeal, however, does not cause the Court to view the jurisdictional issues any differently in this adversary proceeding.

*Id.* at ¶ 7.[4]

The Court denied the Plaintiffs' relief from stay motion, primarily because the Court recognized that it had the "virtually unflagging obligation" to exercise its jurisdiction on the Plaintiffs' core Section 523 claims. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. at 15 (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 817). At this point, those core claims no longer exist.

The Court rejects the Antara Creditors' argument that, should this Court be reversed on appeal in the *Robbins v. Labgold* adversary proceeding, the Plaintiffs would be "shut . . . out of court" because the deadline to file complaints to determine the dischargeabilty of debts has long since passed. Docket No. 142 at 6 n.3 (Plaintiffs' Memorandum). This adversary proceeding was timely filed, and it is hard to believe that in the event of a reversal on the denial of discharge in the *Robbins* adversary proceeding this Court would not vacate the Order dismissing this adversary proceeding pursuant to Bankruptcy Rule 9024 (which incorporates Federal Rule 60(b)(5)—that the judgment "is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"—and 60(b)(6)—"any other reason that justifies relief"). FED. R. BANKR. P. 9024; FED. R. CIV. P. 60(b)(5), (b)(6).[5]

The Court finds that neither the Plaintiffs nor the Defendant would be unfairly prejudiced by a return of the remaining claims to State court.

---

[4] The Court recognizes that the Defendant argued against the Plaintiffs' relief from stay motion, asserting that the matter was a core matter and that it should remain in the bankruptcy court. *In re Labgold*, Case No. 13-13389-BFK, Docket No. 181 at 3 ("in circumstances where a creditor is seeking to apply an exception to dischargeability, Bankruptcy Courts uniformly reject efforts to return to state court.") Thus, both parties are now taking positions inconsistent with their prior positions on the relief from stay motion. Since the parties' arguments on this issue, a fundamental jurisdictional fact has changed—the Debtor has been denied a discharge.

[5] There is no one year limit for motions under Rules 60(b)(5) and (6), as there is for motions under Rules 60(b)(1), (2) and (3).

*3. The Degree of Difficulty of the Related Legal Issues Involved.*

The Court does not view the remaining issues in this adversary proceeding as being particularly difficult. It is also true, though, that the special expertise of the bankruptcy court is no longer needed in order to resolve this case. In the Court's view, comity requires that this Court defer to the State court to make determinations of State law, when as here, there are no longer any bankruptcy issues to be decided.

For all of the foregoing reasons, the Court finds that the *Morris* factors compel a dismissal of this adversary proceeding without prejudice.

**II.    In the Alternative, the Court finds that Abstention is Appropriate.**

Assuming that the Court has continuing subject matter jurisdiction, the Court will exercise its discretion to abstain in this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1). Section 1334(c)(1) provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

The Courts have identified the following non-exclusive list of factors to be considered in the Court's decision on whether or not to exercise its discretion to abstain:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping

by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Hart v. Bellow*, No. 11 Civ. 67(RMB), 2011 WL 1584577, at *4 n.5 (S.D.N.Y. Apr. 27, 2011) (quoting *Norkin v. DLA Piper Rudnick Gray Cary, LLP*, No. 05 Civ. 9137(DLC), 2006 WL 839079, at *5 (S.D.N.Y. Mar. 31, 2006)); *Turturici v. Nat'l Mortg. Servicing, LP*, No. CIV S–10–2853 KJM, 2011 WL 4480169, at *3 (E.D. Cal. Sept. 26, 2011). In *In re Lee*, 461 F. App'x 227, 238 (4th Cir. 2012), the Fourth Circuit cited *New England Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equipment & Marine, Inc.)*, 292 F.3d 61, 69 (1st Cir. 2002), for the proposition that the Court should consider the following factors in connection with an abstention motion: "'the extent to which state law issues predominate over bankruptcy issues'; 'the presence of a related proceeding commenced in state court or other nonbankruptcy court'; and 'the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.'" *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d at 69 (quoting *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1900)).

In this case, there are no longer any bankruptcy issues left for the Court to decide. All of the remaining claims in the case are purely State law claims (with the exception of the Plaintiffs' RICO claims). The particular expertise of the bankruptcy court is no longer needed. The State court is clearly better situated to decide the remaining State law issues in the case. The Court finds that comity for the State court and its expertise on State law demands that this Court abstain.

There is also the issue of the Defendant's right to a jury trial on the issues remaining in this adversary proceeding. In his Memorandum of Law on the Court's ability to enter a final judgment, which the Court requested during the course of the trial, the Defendant stated:

> There also exists a further complication associated with determining a claim for damages as a part of the determination of dischargeability. The determination of dischargeability is an equitable process in which there is no right to a jury trial. In contrast, a claim for damages based on alleged pre-petition fraud, breach of fiduciary duty, or willful and malicious conduct under §§ 523(a)(2), (4) and (6), is a legal claim for which the Defendant has a Seventh Amendment right to a jury trial.

Docket No. 135 at 3 (citation omitted).

The Defendant would be entitled to a jury trial in the State court in California (assuming that he has not waived that right). He conceded that he was not entitled to a jury trial in this Court on the determination of the dischargeability of the Plaintiffs' claims. But, now that the Defendant is not entitled to a discharge, he may well be entitled to a jury trial on the remaining issue of whether or not the Plaintiffs are entitled a money judgment. If so, the District Court for this District would have to withdraw the reference and try the case from the beginning (which would severely undercut the Plaintiffs' judicial economy argument).

Finally, the Court has considered the Supreme Court's recent decision in *Wellness International Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). In *Wellness International*, the Supreme Court squarely decided that parties may consent to the entry of final money judgments in bankruptcy courts. The Supreme Court further held that, although consent may be implied, such consent must be "knowing and voluntary." *Id.* at 1948. Justice Sotomayor's majority opinion noted that "it is good practice for courts to seek express statements of consent or nonconsent, both to ensure irrefutability that any waiver of the right to Article III adjudication is knowing and voluntary and to limit subsequent litigation over the consent issue." *Id.* at 1948

n.13. Here, the Defendant has unequivocally indicated his lack of consent to the entry of a final money judgment. Docket No. 133.[6]

For these reasons, the Court finds that abstention is appropriate under the facts of this case.

## Conclusion

The Court concludes that it lacks subject matter jurisdiction over the remaining claims in this adversary proceeding. Alternatively, the Court will exercise its discretion to abstain in favor of the pending State court proceeding. A separate Order will issue, dismissing this action without prejudice.

Date: Jun 16 2015

/s/ Brian F. Kenney
Brian F. Kenney
United States Bankruptcy Judge

Alexandria, Virginia

Entered on Docket: June 16, 2015

---

[6] It is true that the Court's Initial Scheduling Order required any party not consenting to the entry of a final order to file a motion to withdraw the reference or for other relief within 30 days of the entry of the Order. The Order further provided that "[t]he failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Judge." Docket No. 5 at ¶ 5. It is unlikely, in the Court's view, that the *Wellness International* Court would countenance deemed consent where, in the unique circumstances of this case, the Bankruptcy Court has determined that it lacks even "related-to" subject matter jurisdiction over the remaining claims in an adversary proceeding.

Copies to:

Robert M. Marino, Esquire
Redmon Peyton & Braswell, LLP
510 King Street
Suite 301
Alexandria, VA 22314-3143
*Counsel for Plaintiffs*

Bahram Seyedin-Noor, Esquire
Bryan Ketroser, Esquire
James de los Reyes, Esquire
Alto Litigation, PC
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
*Counsel for Plaintiffs*

Marc R. Labgold
2257 Compass Point Lane
Reston, VA 20191
*Defendant*

Linda Dianne Regenhardt, Esquire
Linda Regenhardt, L.L.C.
100 N. Pitt Street
Suite 206
Alexandria, VA 22314
*Counsel for Defendant*

Richard W. Driscoll, Esquire
Driscoll & Seltzer, PLLC
300 N. Washington St., Suite 304
Alexandria, VA 22314
*Counsel for Defendant*